**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4405**
_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

CYRUS DEMOND RUFFIN, a/k/a Cyrus Desmond Ruffin, a/k/a Cyrus
Damond Ruffin,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. William L. Osteen,
Jr., Chief District Judge. (1:13-cr-00398-WO-1)

_____

Submitted: October 16, 2014       Decided: October 20, 2014

_____

Before MOTZ, WYNN, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James B. Craven III, Durham, North Carolina, for Appellant.
Kyle David Pousson, OFFICE OF THE UNITED STATES ATTORNEY,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cyrus Demond Ruffin appeals his conviction and sentence for possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Ruffin pled guilty pursuant to a written plea agreement and was sentenced to ninety-two months of imprisonment, followed by three years of supervised release. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether Ruffin's sentence was reasonable. Although advised of his right to do so, Ruffin has not filed a pro se supplemental brief. Finding no error, we affirm.

We review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, or failing to adequately explain the sentence. Id. The district court is not required to "robotically tick through § 3553(a)'s every subsection," United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006), but "must place on the record an individualized assessment based on the particular facts of the case before it." United States v.

2

Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). Only if we find the sentence procedurally reasonable can we consider its substantive reasonableness. Id. at 328.

In assessing substantive reasonableness, we must "take into account the totality of the circumstances." Gall, 552 U.S. at 51. We presume on appeal that a sentence within the properly calculated Guidelines range is substantively reasonable. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008). Such a presumption is rebutted only when the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).

Upon review, we discern no procedural or substantive sentencing error by the district court. We conclude that the district court correctly calculated Ruffin's advisory Guidelines range, heard argument from counsel, and provided Ruffin an opportunity to allocute. The court explained that a sentence at the bottom of the Guidelines range was warranted in light of the nature and circumstances of the offense and Ruffin's substantial and serious criminal history. Ruffin fails to offer any grounds to rebut the presumption on appeal that the within-Guidelines sentence is substantively reasonable. Accordingly, we conclude

that the district court did not abuse its discretion in sentencing Ruffin.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Ruffin's conviction and sentence. We deny counsel's motion to withdraw. This court requires that counsel inform Ruffin, in writing, of the right to petition the Supreme Court of the United States for further review. If Ruffin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ruffin. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4